IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL DARREN COLLINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:21-CV-458-MHT-SRW ) [WO] |
| WARDEN JACKSON, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**[1]

Michael Collins, an inmate incarcerated in the Elmore County Jail, files this 42 U.S.C. § 1983 action challenging the conditions of confinement at the jail. Doc. 1. Collins seeks "preliminary relief" regarding the conditions about which he complains. Doc. 1 at 6. The Court considers the request as a motion for preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure. Upon consideration of the motion, the undersigned finds that the motion is due to be denied.

**II. STANDARD OF REVIEW**

"The grant or denial of a preliminary injunction rests within the sound discretion of the district court." *Transcon. Gas Pipe Line Co. v. 6.04 Acres, More or Less*, 910 F.3d 1130, 1163 (11th Cir. 2018); *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (same). This Court may grant a preliminary injunction only if Plaintiff demonstrates each of the following requisite elements: (1) a substantial likelihood of success on the merits;

---

[1] All documents and page numbers cited in this recommendation are those assigned by the Clerk in the docketing process.

(2) an irreparable injury will occur absent issuance of the injunction; (3) the injunction would not substantially harm the non-moving parties; and (4) if issued, the injunction would not be adverse to the public interest. *Long v. Sec'y Dept. of Corrections*, 924 F.3d 1171, 1176 (11th Cir. 2019); *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotations omitted); *Wreal LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations and citation omitted) ("A preliminary injunction is an extraordinary and drastic remedy, and [Plaintiff] bears the burden of persuasion to clearly establish all four of these prerequisites."); *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (holding that a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (holding that the grant of a preliminary injunction "is the exception rather than the rule," and the movant must clearly carry the burden of persuasion on each of the requisite elements). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's request for injunctive relief, regardless of the party's ability to establish any of the other requisite elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fla. Chapter of Ass'n*

of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1284 (11th Cir. 1990); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

Collins has failed to meet his burden to establish the four elements necessary for issuance of the requested preliminary injunction. He has failed to demonstrate a substantial likelihood of success on the merits of his claims. Also, Collins has not demonstrated that he will suffer irreparable injury absent the requested injunctive relief. The inquiry here is not whether Collins has shown that the challenged conditions pose a danger to him in the abstract, but rather whether he has shown he "will suffer irreparable injury 'unless the injunction issues.'" *Id.* (quoting *Jones v. Governor of Fla.*, 950 F.3d 795, 806 (11th Cir. 2020)). The alleged "irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Merely showing the "possibility" of irreparable harm is insufficient. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The third and fourth elements required for issuance of a preliminary injunction merge when the [State or any of its actors] is the non-moving party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Defendants have a significant public interest in the administration of the jail. *See, e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 94 (2006); *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973). Here, Collins' requested injunction, if issued, would likely be adverse to that interest, and Collins has failed to demonstrate otherwise. For these reasons, Collins has not met his burden to establish the third and fourth elements necessary for issuance of the requested injunction.

### IV. CONCLUSION

While the Court understands the concerns expressed by Collins, he has not shown that the injunctive relief he seeks is appropriate. An injunction is "not to be granted unless the movant clearly establish[es] the burden of persuasion as to all four elements." *CBS Broadcasting v. Echostar Communications Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001) (internal quotations omitted). Collins has failed to carry his burden of persuasion on each element required to establish entitlement to preliminary injunctive relief. The Court, therefore, concludes that Collins' Motion for Preliminary Injunction is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by Plaintiff (Doc. 1) be DENIED.

2. This case be referred to the undersigned Magistrate Judge for further proceedings.

**On or before August 3, 2021**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions contained in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and

those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 19th day of July, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge